UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA A. KEITH,<br><br>        Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO<br><br>        Defendant. | Case No.:  21CV1782-JAH-JLB<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

### I. INTRODUCTION

Pending before the Court is the City of San Diego's ("Defendant" or the "City") motion to dismiss the complaint.  (ECF No. 8).  The motion has been fully briefed.  (ECF Nos. 8, 16, 17).  Having considered the parties' submissions, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss Plaintiff's complaint.

### II. PROCEDURAL BACKGROUND

Plaintiff Debra A. Keith ("Keith" or "Plaintiff"), proceeding *pro se*, filed a complaint against the City on October 18, 2021 under U.S.C. Section 1983, seeking "[i]njunctive relief mandating the City of San Diego to return [P]laintiff's street back to its original design/condition prior to the city's alteration, in order for her to park and enter/exit her vehicle safely", as well as "compensatory, monetary, punitive and nominal damages[.]" (ECF No. 1 at 7, 57).  On November 15, 2021, the City filed a motion to dismiss the

complaint for failure to state a claim. (ECF No. 4). Plaintiff responded in opposition, (ECF No. 7), to which the City replied. (ECF No. 8).

### III. FACTUAL BACKGROUND[1]

Plaintiff purchased a home "on Voltaire Street in between the cross streets of Catalina and Ebers Street." (ECF No. 1 at 2). At the time, the street consisted of a "[d]ouble [y]ellow line down the middle of [the] street with two white lines on both sides of the street", and the "white lines on both sides of this street served as vehicle parking and bicycle traffic for years." (*Id.* at 2-3). In 1998, after "Plaintiff became disabled . . . the City of San Diego installed a Handicap parking space in front of her home[.]" (*Id.* at 3). That space allowed Plaintiff to park in front of her home and "enjo[y] the safety and convenience of entering and exiting her vehicle without risk[.]" (*Id.*).

Almost two decades later, in 2015, the City installed a bicycle lane across the street from Plaintiff's home "heading up the hill toward the beach." (*Id.*). This new lane "runs from the bottom of Catalina Street to the top of the hill, then suddenly ends at the top near Bolinas Street." (*Id.*). According to Plaintiff, the bicycle lane "suddenly turns into broken lines and just disappears at the top of the hill" and "on the downhill sides of Voltaire Street[,] there is no [b]icycle [l]ane but instead random depictions painted on the street of a bicycle and arrows directing bicyclists down the middle of the street." (*Id.*).

Plaintiff alleges that this "design compromises the [P]laintiff's side of the street[,] exposing her to a substantial risk of life when entering and exiting her vehicle", since the "arrows direct both bicyclists and vehicles down this hill to share [the] same narrowed lane[.]" (*Id.*). According to Plaintiff, this has resulted in at least eight different safety incidents on Voltaire Street since the installation of the bicycle lane. (*Id.* at 5-6). Plaintiff claims that this alteration has forced Plaintiff and others to park partially on the curb out of safety concerns, which Plaintiff did for years until receiving a ticket for illegal parking.

---

[1] This is a recitation of pleaded facts for purposes of the instant motion to dismiss, and should not be construed as findings of fact.

(*Id.*).  The installation of the bicycle lane and the related "narrowing/widening of plaintiff's street . . . alter[ed] the original design [of the Plaintiff's parking area] . . . which had been used as the Plaintiff's Disability Parking."  (*Id.* at 4).  Plaintiff alerted the City and requested a change to no avail.

## IV.  LEGAL STANDARD

### A. Standard for a Motion to Dismiss Under FRCP 12(b)(6)

The City has moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the claims asserted.  Fed. R. Civ. P. 12(b)(6).  A complaint does not require detailed allegations to survive dismissal; instead, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

On a motion to dismiss, the court "accept[s] as true all of the factual allegations set out in plaintiff's complaint, draw[s] inference from those allegations in the light most favorable to plaintiff, and construe[s] the complaint liberally." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  "The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the plaintiff's claim." *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1121 (C.D. Cal. 2000) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987)).

### B. Standard for Claims by a Pro Se Plaintiff

The Ninth Circuit has made clear that *pro se* pleadings should be liberally construed on a motion to dismiss.  *See, e.g., Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019); *Hebbe v.* Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A *pro se* complaint, "however clumsily pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Moreover, a "district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citations omitted).

## V.   DISCUSSION

### A. Overview of Parties' Arguments

The City has moved to dismiss Plaintiff's complaint, arguing rather succinctly that it fails to state any specific cause of action, and that it merely "toss[es] around many different allegations, without any specificity as to what statutes, constitutional rights, or civil rights the City has violated." (ECF No. 4-1 at 5). In the alternative, the City has moved for a more definite statement under Rule 12(e) because Plaintiff's "pleading is so vague and ambiguous that the City cannot reasonably prepare a responsive pleading." (*Id.* at 6).

In her opposition, Plaintiff contests the City's depictions of the street in question and further contends that "[b]ased on the facts/evidence submitted in this case, the Plaintiff has demonstrated that she was harmed (and is still exposed to a risk) by a dangerous condition created by the City['s] . . . alteration to her street." (*Id.* at 5). Plaintiff also cites to *Fortyune v. City of Lomita*[2] for the proposition that "Title II requires public entities to maintain accessible public sidewalks." *Fortyune v. City of Lomita*, 766 F.3d 1098, 1102 (9th Cir. 2014).

In response, the City argues that (1) Plaintiff alleges a dangerous condition claim in her opposition only; (2) Plaintiff's opposition cannot be used to cure deficiencies within the complaint; and (3) Dangerous Condition claims are state law claims over which federal courts lack jurisdiction. (ECF No. 8). The City further argues that Plaintiff's complaint should be dismissed without leave to amend because dangerous condition claims are state

---

[2] In her opposition, though Plaintiff cites to the District Court opinion, *Fortyune v. City of Lomita*, 823 F. Supp. 2d 1036, 1037 (C.D. Cal. 2011), Plaintiff references the Ninth Circuit's opinion in that matter. The Court considers both opinions here.

law claims, federal courts lack jurisdiction over such claims, and subsequent amendments will only result in a dismissal. (ECF No. 8 at 2).

### B. Plaintiff's Non-ADA Claims are Insufficiently Pled

Plaintiff's civil cover sheet indicates that she is bringing a civil rights action under U.S.C. Section 1983. (ECF No. 1 at 57). Though Plaintiff's complaint also alleges vague "constitutional deprivations", it is unclear which constitutional right(s) Plaintiff seeks to vindicate. (*Id.* at 6). Although Plaintiff appears to allege further facts supporting a dangerous condition in her opposition to the City's motion to dismiss, and makes references to deliberate indifference, as the City notes, for purposes of a motion to dismiss, the Court looks only at the complaint, and not to additional facts alleged in an opposition brief. *See, e.g., Rosales v. Cnty. of San Diego,* 511 F. Supp. 3d 1070, 1097 (S.D. Cal. 2021) (explaining that "[g]enerally, material beyond the pleadings may not be considered in deciding a motion to dismiss"); *Covert v. City of San Diego,* 2017 WL 1094020, at *5 (S.D. Cal. 2017) (refusing to consider additional allegations pled in the opposition brief but absent from the operative complaint). The Court looks only to the facts alleged in the operative complaint for purposes of the instant motion.

After reviewing Plaintiff's complaint, the Court **GRANTS** the City's motion to dismiss Plaintiff's Section 1983 and constitutional violation claims. Even in light of the legal standard, both with respect to Plaintiff's *pro se* status and the Court's acceptance of Plaintiff's pleadings as fact for purposes of the motion, Plaintiff's complaint fails to clearly state a cause of action or make out a prima facie case. Indeed, it is unclear which constitutional right Plaintiff believes has been violated, and Plaintiff's Section 1983 claim fares no better. However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment", the Court dismisses the aforementioned claims without prejudice and grants Plaintiff leave to amend the complaint to plead additional facts. *Rosati,* 791 F.3d at 1039.

///

///

**C. Plaintiff Has Stated a Claim Under Title II of the ADA**

Plaintiff's civil cover sheet also indicates that she is bringing a civil rights action under the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 57).[3] The City's motion does not specifically address Plaintiff's ADA claim except to argue that Plaintiff's claims more generally do not give rise to a cognizable claim.

Though Plaintiff's complaint does not expressly state that she is bringing a claim under Title II of the ADA, when reading the complaint in light of Plaintiff's *pro se* status, as best as the Court can discern, Plaintiff appears to be bringing an action under Title II of the ADA. "Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citations omitted). Speaking broadly, to demonstrate a violation of Title II of the ADA, Plaintiff must demonstrate that "(1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability." *Fortyune*, 766 F.3d at 1102. (internal quotations omitted).

Title II also provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Bassilios v. City of Torrance*, CA, 166 F. Supp. 3d 1061, 1069 (C.D. Cal. 2015) (citing 42 U.S.C. § 12132). In other words, Title II "imposes program-accessibility

---

[3] The City argues that a dangerous condition claim arises under state law only, and that because the Court has no jurisdiction over such claims, the Court should dismiss the claim and complaint with prejudice. As the Court reads Plaintiff's complaint, the dangerous condition allegations are part of Plaintiff's ADA claim insofar as the dangerous condition inhibits Plaintiff's access to her handicap parking spot. To the extent that Plaintiff intended to bring a stand-alone state law dangerous condition claim, Plaintiff is instructed that federal courts "are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions", and the "burden of establishing the contrary rests upon the party asserting jurisdiction." *Johnson v. Oishi*, 362 F. Supp. 3d 843, 847 (E.D. Cal. 2019).

requirements on state and local governments" and "requires these entities to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." *Id.* (citation and internal quotations omitted). Further, the Ninth Circuit has "held that Title II requires public entities to maintain accessible public sidewalks", as well as "maintain accessible on-street public parking." *Fortyune*, 766 F.3d at 1102 (citation omitted). And where no technical requirements apply, the relevant standard for "on-street parking is that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." *Sarfaty v. City of Los Angeles*, 2019 WL 8163477, at *6 (C.D. Cal. 2019) (citing 28 C.F.R. 35.150) (internal quotations and emphasis omitted).

*Sarfaty v. City of Los Angeles* is instructive. There, plaintiffs brought a claim under Title II of the ADA, arguing that the city's installation of "cycletracks" around bicycle lanes interfered with plaintiffs' vans, which are equipped with ramps that allow plaintiffs to disembark directly onto the sidewalk. *Id.* This in turn inhibited plaintiffs' access to the sidewalk and required them to take a different approach. *Id.* Plaintiffs in *Sarfaty* also alleged that, when taken into consideration with other factors, the "cycletracks" "create[d] an allegedly dangerous condition that unduly affects the wheelchair-bound and deters them from accessing establishments[.]" *Id.* In light of the fact that a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party", the largely fact-specific nature of the inquiry, and plaintiffs' allegations, the court in *Sarfaty* held that plaintiffs successfully stated a prima facie case under Title II of the ADA.

Here, Plaintiff alleges that she has a disability that requires an accommodated parking spot, which the City recognized by installing a handicap parking spot in 1998. Plaintiff then alleges that the City installed a bicycle lane and "narrowed/widened" Plaintiff's street in a way that substantially alters her handicap parking spot, rendering it

unsafe and restricting her access to public street parking. Plaintiff also contends that she made a request to the City for a modification to no avail. As in *Sarfaty*, in light of the legal standard and Plaintiff's allegations, the Court finds that Plaintiff has made a prima facie claim under Title II of the ADA. Though there are lingering factual questions, such inquiries are best resolved at the summary judgment stage, and not on a motion to dismiss. Accordingly, the City's motion to dismiss Plaintiff's ADA claim is **DENIED**.

## VI. CONCLUSION

It is hereby ORDERED:

1. Defendant's motion to dismiss Plaintiff's ADA claim is **DENIED**;
2. Defendant's motion to dismiss the remainder of Plaintiff's claims, including those related to Section 1983 and constitutional violations, is **GRANTED** without prejudice; and
3. Plaintiff is granted leave to file an Amended Complaint within forty-five (45) days from the date of this Order which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to the original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

DATED: September 12, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE